UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANG LIM,

       Plaintiff,                          CIVIL ACTION NO. 11-12983

       v.                                   DISTRICT JUDGE PAUL D. BORMAN

GAEL TISACK, et al.,               MAGISTRATE JUDGE MARK A. RANDON

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT

On April 2, 2013, the Court ordered Defendants to:

1. Produce the clinical software testing for DuraHeart I that occurred between May 2010 and July 2010.

2. Provide Plaintiff with an answer to the following question: Did Ms. Tisack ever hold the position of Compliance Officer? If yes, Defendants must provide the dates on which she held that position.

3. Identify Dr. David Munjal's duties and responsibilities, the individuals he reported to and the individuals who reported to him.

4. Identify Marcella Entwisle and Ann Livernois' duties and responsibilities.

(Dkt. No. 63). In a letter dated April 16, 2013, Defendants stated the following:

1. No clinical software testing was performed for DuraHeart 1 between May 2010 and July 2010.

2. Yes. Ms. Tisack has held the position of Compliance Officer continuously since July 15, 2007.

3. As Vice President, Special Projects, Dr. Munjal advised Quality Assurance, Quality Systems and Regulatory Affairs but had no direct reports. Dr. Munjal reported directly to Bill Pinon from January 20, 2009, to July 1, 2011.

Defendants also attached Dr. Munjal, Ms. Entwisle and Ms. Livernois' Job Descriptions (Dkt.

1

No. 73; Ex. 1 with attachments). Plaintiff then sent Defendants an e-mail:

> This is to respectfully notify defendants of Plaintiff's pending Motion for Contempt of Court as follows.
>
> While preparing plaintiff's Motion for Leave of Court, this is to respectfully notify you of fabricating the evidence, intentionally misrepresenting the evidence and failing to disclose the evidence in violation of the Court's Order.
>
> 1. There were software test reports during the time frame ordered by [the] Court.
> 2. Defendant Ms. Gael Tisack wasn't compliance officer.
> 3. Dr. David Munjal had direct reports.
>
> However, defendants intentionally fabricated the evidence and misrepresented otherwise.
>
> Do the defendants concur with plaintiff's Motion for Contempt of Court?

(Dkt. No. 73; Ex. 2 at 2-3). Defendants responded:

> Based on the information we have, what you are alleging is not true. If you can provide me with any evidence to show that this is somehow incorrect, I will investigate further and supplement if there was an error so that the court's time is not wasted. What information do you have to indicate that Defendants' responses are incorrect?

(*Id.* at 1). On April 25, 2013, Plaintiff indicated:

> There are more than 100 witnesses who have direct knowledge and information. They can all testify that defendants' disclosure was false and has intentionally been fabricated.
>
> Due to the severity of defendants' conduct offending the Court and the principles of a civil action, Plaintiff must move the Court for contempt because it is plainly unacceptable under any circumstances.
>
> Please talk to HR coordinator (Gardenour, Adrianne) and get the details.
>
> Please send me corrected information by next Monday, April 29, 5 PM, with justifiable reasons for disclosing fabricated information.
>
> Please be advised if it is worth offending the Court and a legal system by engaging in such acts.

(*Id.*).  In a letter dated April 29, 2013, Defendants provided Plaintiff additional information:

1. While some engineers might have been doing normal work on software for the DuraHeart I between May 2010 and July 2010, Defendants have no testing reports from that time period.

2. Ms. Tisack has held the position of Compliance Officer since July 15, 2007.  Defendants do not have documentation establishing that she has been Compliance Officer since July 15, 2007.  However, Defendants do have documentation establishing, in accordance with our April 16 response, that she was appointed as the Compliance Officer of THI effective June 18, 2010.

3. Mr. Munjal did not have direct reports as Vice President, Special Projects.  Even if Mr. Munjal did have direct reports, THI does not have records identifying individuals directly reporting to him.

Defendants attached the June 18, 2010 Annual Resolution of the Board of Directors of Terumo Heart, Inc. that says "**WHEREAS**, it has been determined that the Company reappoint Gael Diane Tisack, Esq., as Compliance Officer of the Company" (Dkt. No.73; Ex. 4 with attachments).

Before the Court is Plaintiff's motion to hold Defendants in contempt (Dkt. No. 69).  Plaintiff claims the information Defendants provided is false and they fabricated the testings dates to withhold the test reports.  Defendants responded on May 15, 2013 (Dkt. No. 73).

After reviewing the papers and otherwise being fully advised, Plaintiff's motion is **DENIED**.  The Court finds Defendants complied with the April 2, 2013 Order.  If Plaintiff has evidence to the contrary or evidence that Defendants' responses are fabricated, he may present such evidence in a dispositive motion or at trial.

**IT IS ORDERED**.

s/Mark A. Randon  
MARK A. RANDON  
UNITED STATES MAGISTRATE JUDGE

-3-

Dated: May 20, 2013

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, May 20, 2013, by electronic and/or first class U.S. mail.*

*s/Kim Grimes Acting in the Absence of Eddrey Butts*
*Case Manager to Magistrate Judge Mark A. Randon*