UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANG LIM,

        Plaintiff,                      CIVIL ACTION NO. 11-12983

v.                                DISTRICT JUDGE PAUL D. BORMAN

TERUMO CORPORATION, et al.,      MAGISTRATE JUDGE MARK A. RANDON

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION (DKT. NO. 77)**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's motion for a preliminary injunction (Dkt. No. 77). Defendants responded (Dkt. Nos. 80);[1] this Magistrate Judge dispenses with oral argument. *See* E.D. Mich. LR 7.1(f)(2).

For the following reasons, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

**II.    ANALYSIS**

    **A.    Plaintiff's Argument Regarding False Information to the Commonwealth of Virginia and the State of Wisconsin**

Plaintiff argues that Defendants submitted false information to the Commonwealth of Virginia and the State of Wisconsin to prevent him from obtaining unemployment benefits. He attached the Unemployment Insurance Decision from Wisconsin's Labor and Industry Review

---

[1] Plaintiff also filed two reply briefs (Dkt. Nos. 82, 88). Plaintiff withdrew the first reply (Dkt. No. 89); the other was stricken (Dkt. No. 92).

Commission (Dkt. No. 77; Ex. B) and a letter from the 27th Judicial Circuit of Virginia regarding his unemployment benefits (Dkt. No. 77; Ex. C) to his motion for preliminary injunctive relief.

On May 14, 2013, Plaintiff filed a motion for leave to file a Third Amended Complaint and attached a Proposed Third Amended Complaint, which alleged, in part:

(94) On or about April 25, 2012, Defendants Ms. Tisack, Mr. Smith, Mr. Pinon and THI filed a Petition based on false information against the Plaintiff with the State of Wisconsin, Labor and Industry Review Commission (Commission). The defendants disseminated the Plaintiff's personal information to the State of Wisconsin for unlawful purposes and committed fraud against the State of Wisconsin. In the said Petition . . . Defendants stated:

> "...[Plaintiff] filed legal actions and threatened a restraining order to prevent employers[sic] personnel from testifying at [the] unemployment tribunal. [Plaintiff] additionally personally and improperly threatened me on Feb. 15 to not testify at the unemployment hearing. Proper evidence could not be presented because of [Plaintiff's] interference and threats and the fear of the other employees to what would happen to them if they testified. This case was previously heard in Virginia where more evidence was able to be presented and the judge there determined that [Plaintiff] had committed misconduct and awarded no unemployment benefits..."

(95) On or about August 16, 2012, the Wisconsin Commission affirmed the prior ruling in the Plaintiff's favor and further stated:

> "**It appears that [Plaintiff] subsequently filed an appeal to that decision in a Virginia circuit court**...It appears that Terumo mistakenly believes Wisconsin's decision relative to [Plaintiff's] Wisconsin-based unemployment claim could alter the outcome of the Virginia tribunal's decision. Wisconsin's decision in this matter could not alter the outcome or effect of any Virginia decision relative to [Plaintiff's] eligibility for unemployment insurance benefits claimed in Virginia.....**Terumo has no reason to be concerned with** the outcome of [Plaintiff's] present unemployment benefit claim in Wisconsin. Regardless, the commission's review of the record submitted at the two hearings

>> held in this matter leads to the conclusion that in the Wisconsin proceedings, **Terumo failed to demonstrate that it discharged [Plaintiff] for misconduct connected with his employment.**...**Terumo's assertions that [Plaintiff] intimidated or otherwise prevented witnesses from appearing is unconvincing**, and again unsupported by firsthand evidence submitted at the hearings....Once connected to the telephone proceeding, Terumo's representative was given [a] fair opportunity to present Terumo's case. Additionally, a second hearing was held on February 21, 2012, at which Terumo's representative was again given [an] opportunity to be heard, but again provided only hearsay testimony. Terumo was given [a] full and fair opportunity to be heard in the matter. **Again, Terumo should be cognizant of the fact that the Wisconsin proceeding does not affect any determination issued in Virginia** relative to [Plaintiff's] eligibility for unemployment benefits claimed in Virginia."

(Emphasis in original).

(96)   In response to the Plaintiff's Petition for Judicial Review, filed on July 11, 2011, the Virginia Superior Court reversed all prior three rulings and finally ruled, [on] March 19, 2012, in the Plaintiff's favor, stating:

>> "...In the Court's opinion, [Plaintiff] was making an attempt to protect the legitimate business interest of his employer. Rightly or wrongly, [Plaintiff] perceived a serious problem, that, if in his view was not immediately addressed could have serious, negative, legal and financial consequences to his employer..."

(97)   Defendants Ms. Tisack, Mr. Smith, Mr. Pinon and THI submitted fabricated information against the Plaintiff to the Commonwealth of Virginia and committed fraud against Virginia, the said fraud of which was the subject of the Plaintiff's Petition for Judicial Review in Virginia.

(98)   The defendants, Ms. Tisack, Mr. Smith, Mr. Pinon and THI, disseminated the Plaintiff's personal information to Virginia for unlawful purposes.

(Dkt. No. 72; Ex. A at 19-20). On May 20, 2013, District Judge Paul D. Borman denied Plaintiff's motion for leave to file a Third Amended Complaint and indicated that "[n]o further motions to amend the pleadings will be entertained by the Court" (Dkt. No. 76).

Plaintiff's motion for a preliminary injunction is striking similar to his motion for leave

to file a Third Amended Complaint and should likewise be **DENIED**.[2]

### B. Plaintiff's Argument Regarding Disseminating False Information to Third Parties and Obtaining Information from Third Parties

Plaintiff also asks the Court to prevent Defendants from contacting third parties to obtain information about him and from disseminating false information to third parties. After reviewing Defendants' response, this Magistrate Judge finds that Plaintiff seeks to limit Defendants' discovery practices. But, Federal Rules of Civil Procedure 26 – not a preliminary injunction motion – is the proper way to remedy abusive discovery practices. *See Tenneco Auto. Operating Co., Inc. v. Kingdom Auto Parts*, No. 08-CV-10467, 2009 WL 396205 at *2 (E.D. Mich. Feb. 17, 2009) (Rule 26 "provides for the granting of protective orders to remedy abusive discovery").

Plaintiff's motion for a preliminary injunction to limit Defendants' contact with third parties should also be **DENIED**.

## III. CONCLUSION

For the above-stated reasons, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED** in its entirety.

Defendants' request for sanctions is **DENIED**. However, this Magistrate Judge cautions Plaintiff that his continued filing of clearly unmeritorious motions may result in sanctions up to and including the dismissal of his lawsuit.

The parties to this action may object to and seek review of this Report and

---

[2]This Magistrate Judge agrees with Defendants that consideration of the four factors in *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) militates against a preliminary injunction and adopts their reasoning (Dkt. No. 88 pp. 6-10 CM/ECF).

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: June 10, 2013

### Certificate of Service

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 10, 2013, by electronic and/or first class U.S. mail.

*s/Eddrey Butts*<br>
*Case Manager to Magistrate Judge Mark A. Randon*