UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANG LIM,

    Plaintiff,

Case No. 11-12983

Paul D. Borman
United States District Judge

v.

Mark A. Randon
United States Magistrate Judge

TERUMO CORPORATION, et al.,

    Defendants.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE RANDON'S JUNE 10, 2013
REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR
A PRELIMINARY INJUNCTION (ECF NO. 93),
(2) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 99) and
(3) DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (ECF NO. 77)

    Before the Court are Plaintiff Chang Lim's Objections to Magistrate Judge Mark A. Randon's June 10, 2013 Report and Recommendation to Deny Plaintiff's Motion for a Preliminary Injunction. (ECF No. 99, Objections.) Defendants filed a response to Plaintiff's Objections. (ECF No. 80.) A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, and DENIES Plaintiff's Motion for Preliminary Injunction.

1

I. **BACKGROUND**

Plaintiff filed his Second Amended Complaint on April 10, 2012, alleging violations of his civil rights, as well as whistleblower, negligence, intentional interference with contractual relations, breach of contract, fraud and defamation claims, based upon the alleged unlawful employment practices of the Defendants. (ECF No. 40, Second Amended Complaint.) In sum, Plaintiff claims that Defendants retaliated against him in various ways for complaints he voiced regarding certain of Defendants' businesses practices.

On May 20, 2013, Plaintiff filed a motion for preliminary injunction seeking to have this Court enjoin Defendants from "disseminating false information against the Plaintiff" and from "contacting anyone who has nothing to do with the case" and from "engaging in wrongful and unlawful business practices." (ECF No. 77, Pl.'s Mot. 1-2.) This Court referred the motion for preliminary injunction to Magistrate Judge Randon and he has issued a Report and Recommendation to deny the requested relief. The Court agrees with Magistrate Judge Randon that Plaintiff has failed to satisfy the standards for obtaining injunctive relief and ADOPTS his Report and Recommendation.

II. **STANDARD OF REVIEW**

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515,

519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

**III.   ANALYSIS**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). Plaintiff bears the burden of demonstrating

3

entitlement to preliminary injunctive relief and the burden is substantial. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief will only be granted where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). When considering a motion for injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief, (3) whether granting the preliminary injunctive relief would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunctive relief. "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id*. "The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.3d at 739. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

As an initial matter, the Court observes that Plaintiff's objections to the Magistrate Judge's Report and Recommendation do nothing more than disagree with the Magistrate Judge's conclusions and reargue the points Plaintiff made in his motion. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard*, 932 F.2d at 509.

Furthermore, this Court agrees with Magistrate Judge Randon that Plaintiff has not demonstrated a strong likelihood of success on the merits. The proof required to obtain injunctive relief is "much more stringent" than the proof required to support a motion for summary judgment. Plaintiff's conclusory allegations in his motion, which largely reiterate the allegations of his Second

4

Amended Complaint (and also include allegations that this Court has prohibited Plaintiff from including as amendments to his Complaint), are not sufficiently substantiated that this Court can even begin to determine the likelihood that he might ultimately succeed on the merits of his claims. Plaintiff's largely unsupported allegations in his motion do not approach the type of proof required to sustain his burden to demonstrate entitlement to the extraordinary remedy of injunctive relief. The parties currently have cross-motions for summary judgment fully briefed that have been referred to Magistrate Judge Randon for decision. The merits of Plaintiff's claims will be addressed in those motions in due course.

Nor has Plaintiff established that he would suffer irreparable harm in the absence of the extraordinary remedy of injunctive relief. Indeed, in his brief paragraph addressing this issue, he does not identify one specific instance in which he has suffered or will continue to suffer irreparable harm. Additionally, granting Plaintiff's broad request to enjoin Defendants from speaking ill of him would be an impossible burden on Defendant's ability to defend against Plaintiff's claims in this case. Finally, Plaintiff's one-line conclusory statement that "an injunction will protect the public interest" falls woefully short of the type of proof required to entitle him to this extraordinary remedy.

**IV.   CONCLUSION**

Plaintiff has been admonished by the Court on several occasions in this litigation regarding his tendencies to file meritless and overreaching motions. The Magistrate Judge correctly concluded that Plaintiff has failed to demonstrate entitlement to the extraordinary remedy of injunctive relief.

Accordingly, the Court DENIES Plaintiff's Objections, ADOPTS the Report and Recommendation and DENIES the motion for injunctive relief.

IT IS SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: September 23, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2013.

                                              s/Deborah Tofil
                                              Case Manager