UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANG LIM,

      Plaintiff,

Case No. 11-12983

Paul D. Borman
United States District Judge

v.

Mark A. Randon
United States Magistrate Judge

TERUMO CORPORATION, et al.,

      Defendants.

_____/

OPINION AND ORDER (1) GRANTING IN PART DEFENDANTS' EX-PARTE MOTION TO STRIKE (ECF NO. 124); (2) GRANTING IN PART PLAINTIFF'S AMENDED MOTION FOR EXTENSION OF TIME (ECF NO. 125); (3) STRIKING PLAINTIFF'S OBJECTIONS (ECF NO. 122); (4) DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF NO. 121); (5) ORDERING PLAINTIFF TO FILE CONFORMING OBJECTIONS ON OR BEFORE JANUARY 6, 2014; AND (6) ORDERING PLAINTIFF TO PAY DEFENDANTS' COSTS INCURRED IN PREPARING AND FILING EX PARTE MOTION TO STRIKE

On December 9, 2013, Magistrate Judge Mark Randon filed a Report and Recommendation to dismiss Plaintiff's claims, to deny Defendants' request for sanctions and to dismiss without prejudice Defendants' state law counterclaims. (ECF No. 119, Report and Recommendation.) On December 22, 2013, the day before objections to the Report and Recommendation were due, Plaintiff filed a motion for an extension of three days, until December 26, 2013, in which to file objections to the Report and Recommendation and in which to respond to Defendants' objections to the Report and Recommendation, which were timely filed on December 11, 2013. (ECF No. 121, Plaintiff's Motion for Extension of Time; ECF No. 120, Defendants' Objections to Report and

1

Recommendation to Deny as Moot Defendants' Motion for Contempt and Sanctions.) Although Plaintiff's motion for extension of time did not explain the alleged good cause underlying the request, Plaintiff indicated that Defendants concurred in the Plaintiff's request for additional time.[1]

On December 26, 2013, Plaintiff filed objections that failed in numerous respects to conform to the local rules regarding formatting of papers filed with the Court (E.D. Mich. L.R. 5.1) and page length of briefs (E.D. Mich. L.R. 7.1). (ECF No. 122, Plaintiff's Objections.) Defendants filed a motion to strike the Plaintiff's objections which, as Defendants properly point out, would have exceeded 40 pages in length if properly formatted, well in excess of the 25 pages allowed under E.D. Mich. L.R. 7.1(d)(3). (ECF No. 124, Defendants' Ex-Parte Motion to Strike.)[2] In response to Defendants' motion to strike, Plaintiff filed an Amended Motion for Extension of Time, seeking permission to refile 40 pages of reformatted objections with "revised content" on or before January 7, 2014. (ECF No. 125, Amended Motion for Extension of Time.)

Plaintiff is well aware of the Court's rules on page limitations and formatting requirements. Indeed, the Court has stricken prior filings in which Plaintiff failed to adhere to, and sought to circumvent, the local rules limiting page length. (ECF No. 92, Order Granting Motion to Strike.) Although Plaintiff claims to have been unaware of the new formatting rules that require 14 point font in text and footnotes, double spacing and 1 inch margins, Plaintiff's objections would have

---

[1] The Court assumes that Plaintiff accurately represented to the Court Defendants' concurrence in Plaintiff's initial motion for an extension of time. If Plaintiff did not seek concurrence, or if concurrence was sought but denied, this would change the Court's analysis.

[2] Also on December 26, 2013, Plaintiff filed his response to the Defendants' objections to the Report and Recommendation. Although Plaintiff's response to Defendants' objections also violated the Court's formatting requirements, even properly formatted, the response would have been well within the 20 page limit set by the Magistrate Judge for responses to objections. Defendants do not move to strike this response.

violated the page length limitation even under the old 12 point font formatting rules. Plaintiff's objections blatantly violate the local rules governing the format of papers and length of briefs filed with the Court. The objections are stricken and Plaintiff is ordered to pay in full the Defendants' costs incurred in reviewing the voluminous objections and in having to brief and file yet another motion to strike. Defendants shall submit a bill of costs to Plaintiff and Plaintiff shall remit payment in full to Defendants within two weeks of receiving the bill of costs.

Plaintiff is further ordered to refile, on or before January 6, 2014, objections that conform *in every respect* to the local rules governing the format of papers submitted to the Court, *see* E.D. Mich. L.R. 5.1. The Plaintiff's objections, properly formatted, may not exceed 25 pages in length. The objections may not contain any new "content" not previously set forth in Plaintiff's original non-conforming objections but shall only delete content from those objections to bring the objections into conformance with local format and page length rules. Further non-conforming papers filed by Plaintiff will be stricken and not considered substantively by the Court. No further requests for extensions of page length or time will be entertained by the Court. Any response filed by Defendants shall be similarly formatted and may be of similar length.

Accordingly, the Court:

(1) GRANTS IN PART Defendants' Ex-Parte Motion to Strike (ECF No. 124);

(2) GRANTS IN PART Plaintiff's Amended Motion For Extension of Time (ECF No. 125);

(3) STRIKES Plaintiff's objections (ECF No. 122);

(4) DENIES AS MOOT Plaintiff's original Motion for Extension of Time (ECF No. 121);

(5) ORDERS Plaintiff to file conforming objections on or before January 6, 2014; and

(6) ORDERS Plaintiff to pay Defendants' costs incurred in reviewing the original non-

conforming objections and preparing and filing the Ex-Parte Motion to Strike.

IT IS SO ORDERED.

                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 31, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 31, 2013, by electronic and/or ordinary mail.

                                                  s/Richard Loury
                                                  In Absence of Deborah Tofil
                                                  Case Manager and Deputy Clerk