UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANG LIM,

                Plaintiff,                              Case No. 11-cv-12983

                                                Paul D. Borman
                                                United States District Judge

v.

                                                Michael H. Hluchaniuk[1]
                                                United States Magistrate Judge

TERUMO CORPORATION,
et al.,

                Defendants.

_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION (ECF NO. 138);
(2) DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE RANDON'S
REPORT AND RECOMMENDATION (ECF NO. 128);
(3) DENYING IN PART DEFENDANTS' OBJECTIONS (ECF NO. 120);
(4) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE MARK A.
RANDON'S DECEMBER 9, 2013 REPORT AND RECOMMENDATION (ECF NO. 119);
(5) DENYING PLAINTIFF'S MOTION TO DISMISS (ECF NO. 102);
(6) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (ECF NO. 103);
(7) GRANTING IN PART DEFENDANTS' MOTION
FOR ENTRY OF ORDER OF CONTEMPT AND FOR SANCTIONS (ECF NO. 94);
(8) DENYING DEFENDANTS' MOTION TO STRIKE (ECF NO. 129);
(9) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF DKT. NOS. 75, 76, 87, 92, 118 AND 127 (ECF NO. 131);
(10) GRANTING IN PART DEFENDANTS' MOTION FOR CONTEMPT (ECF NO. 133);
(11) DENYING PLAINTIFFS EX PARTE MOTIONS TO STRIKE (ECF NOS. 134, 142);
(12) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE; AND
(13) DISMISSING DEFENDANTS' COUNTERCLAIM WITHOUT PREJUDICE

Before the Court are (1) Plaintiff's Motion for Disqualification of this Judicial Officer and

_____

[1] When Magistrate Judge Randon was elevated to the position of United States Bankruptcy Judge
for the Eastern District of Michigan, Michael H. Hluchaniuk was assigned to this case as the new
Magistrate Judge.  (March 19, 2014 Text Only Order of Reassignment.)

1

Magistrate Judge Mark A. Randon Pursuant to 28 U.S.C. §§ 144, 455 (ECF No. 138); (2) Plaintiff's Objections to Magistrate Judge Mark A. Randon's December 9, 2013 Report and Recommendation (ECF No. 128); and (3) Defendants' Objections to Magistrate Judge Mark A. Randon's December 9, 2013 Report and Recommendation (ECF No. 120).  Having conducted a *de novo* review of both Plaintiff's and Defendants' valid Objections, and having fully considered the merits of Plaintiff's motion for disqualification, the Court finds that oral argument will not further assist the Court in deciding the merits of Plaintiff's motion and therefore dispenses with oral argument.  E.D. Mich. L.R. 7.1(f).

For the reasons that follow, the Court DENIES Plaintiff's Motion for Disqualification, DENIES Plaintiff's Objections, DENIES IN PART Defendants' Objections, ADOPTS IN PART the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Motion to Dismiss, GRANTS IN PART Defendants' Motion for Summary Judgment, GRANTS IN PART Defendants' Motion for Entry of Order of Contempt, DENIES Defendants' Ex Parte Motion to Strike Plaintiff's Amended Objection, DENIES Plaintiff's Motion for Reconsideration of Dkt. Nos. 75, 76, 87, 92, 118 and 127, GRANTS IN PART Defendants' Motion for Contempt and for Sanctions, DENIES Plaintiff's Ex Parte Motions to Strike, DISMISSES Plaintiff's Complaint with prejudice and DISMISSES Defendants' Counterclaim without prejudice.

**INTRODUCTION**

Magistrate Judge Randon has filed a Report and Recommendation to grant Defendants' motion for summary judgment on each of Plaintiff's claims and to deny Defendants' motion for summary judgment on Defendants' counterclaim.  Magistrate Judge Randon concludes that Plaintiff, who conducted no discovery in the case and failed to cooperate with Defendants' efforts to depose

him, has failed to respond to Defendants' motion with sufficient evidence to create a genuine issue of material fact as to any of Plaintiff's claims. After the Magistrate Judge issued his Report and Recommendation, both Plaintiff and Defendants filed Objections to the Report and Recommendation. Plaintiff filed voluminous objections that failed to comply with the local rules which were stricken by the Court with permission to refile conforming objections. While the parties' Objections were pending review by this Court, Plaintiff filed several motions, including a motion to disqualify both Magistrate Judge Randon and the undersigned. For the reasons discussed below, the Court agrees with the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment in part and finds no reason for disqualification. The Court also resolves multiple outstanding motions, fully resolving and dismissing this action.

## I.     BACKGROUND

The background facts of this lengthy and profusely litigated action are set forth in various Orders of this Court. (ECF Nos. 39, 63, 75, 76, 86, 87, 92, 93, 118, 127.) The Court will reiterate in this Order only facts it deems necessary to the matters under immediate consideration. The Magistrate Judge adequately set forth the background facts that are pertinent to the summary judgment issues in his thorough Report and Recommendation. (ECF No. 119 at 1-9.)

## II.     PLAINTIFF'S MOTION FOR DISQUALIFICATION

Plaintiff moves for disqualification of the undersigned pursuant to 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias and prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

3

The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than 10 days before the beginning of the term at which the proceeding is to be heard or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Plaintiff also moves for the disqualification of Magistrate Judge Randon and the undersigned under 28 U.S.C. §455, which provides in pertinent part as follows:

§ 455. Disqualification of justice, judge or magistrate judge.

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a), (b)(1).

A recusal motion, whether brought pursuant to section 144 or section 455, is a matter committed to the sound discretion of the district judge whose impartiality is questioned:

§§ 144 and 455 are to be read *in pari materia*, *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988), and [] motions brought under both sections are entrusted to the sound discretion of the trial court, *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1984) [. . .] [D]isqualification under both § 144 and § 455 must be predicated "upon extrajudicial conduct rather than on judicial conduct," *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)(quoting *City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir.), *cert. denied*, 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980)), and upon "a personal bias 'as distinguished from judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" *Id.* at 1090 (quoting *Oliver v. Michigan State Board of Education*, 508 F.2d 178, 180 (6th Cir. 1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975)).

*Green v. Nevers*, 111 F.3d 1295, 1303-04 (6th Cir. 1997). *See also Parker v. Sill*, 989 F.2d 500, at

*2 (6th Cir. 1993) (Table Decision) (rejecting contention that a district judge faced with

4

disqualification may not proceed until another judge has ruled on the motion, finding that a judge must 'proceed no further' only if the affidavit is 'timely and sufficient') (second internal quotation marks and citation omitted).  Furthermore, "a judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'"  *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

As an initial matter, the Court notes that Plaintiff's Affidavit, filed as attachment to his reply brief and not in support of  his recusal motion, is both untimely (he complains of incidents that occurred many months ago) and not sworn under penalty of perjury (*see* 28 U.S.C. § 1746).  *See Scott*, 234 F. App'x at 352 ("A § 144 affidavit is timely if it is submitted 'at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification.'") (quoting *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)).  *See also Fharmacy Records v. Nassar*, No. 05-cv-72126, 2008 WL 4965337, at *3 (E.D. Mich. Nov. 18, 2008) (finding recusal motion untimely where it relied upon unfavorable rulings and comments that occurred months previously).  Notably, Plaintiff filed this motion for recusal only after Magistrate Judge Randon recommended that his claims be dismissed on summary judgment.

Separate and apart from these failings, the Affidavit is insufficient in substance.  Plaintiff fails to plead the type of personal bias which must be demonstrated under both section 144 and section 455.  "A bias sufficient to justify recusal must be a personal bias 'as distinguished from a judicial one' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (quoting *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983)).

5

The only "extra-judicial" fact pleaded by Plaintiff in his Affidavit is that Judge Borman, Magistrate Judge Randon, Defendants' counsel John Cashen and Defendant Gael Tisack are members of the Alumi Association of the University of Michigan.  (ECF No. 145-2, Plaintiff's Affidavit ¶ 7.)  This fact standing alone is wholly insufficient to create any reasonable suspicion of bias.  "All judges come to the bench with a background of experiences, associations, and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis" to question impartiality.  *Easley*, 853 F.2d at 1356.  It is patently preposterous to suggest that a judge in the Eastern District of Michigan who, along with counsel on a case, happens to have graduated from the University of Michigan law school and belongs to that school's alumni association, for that reason alone, lacks the ability to be impartial. *Fharmacy Records*, 2008 WL 4965337, at *5 n. 3 (finding claims of personal bias based upon judge's and counsel's shared association in law school alumni associations to be "feckless and irresponsible" and based upon "odious stereoptypes").

Beyond this "feckless and irresponsible" allegation of bias, every single additional fact pleaded by Plaintiff relates to a ruling of either the undersigned or Magistrate Judge Randon in this case, each allegation supported by reference to a particular docket or docket numbers in the case.  These decisions are precisely the type of "judicial bias" allegations that have repeatedly been found insufficient to support a motion for recusal under either section 144 or section 455.  *See, e.g. Johansen v. Presley*, No. 11-cv-3036, 2014 WL 897332, at *8 (E.D. Tenn. March 6, 2014) (finding no basis for recusal of district judge and magistrate judge assigned to plaintiff's case where there were "no facts, affidavits, or evidence in the record that establish objective personal bias arising from any source other than the [judge's and] the Magistrate Judge's participation in the case.") Plaintiff's motion for recusal of the undersigned is denied, and since Magistrate Judge Randon is

no longer a Magistrate Judge, the motion is moot as it pertains to him.

### III.   OBJECTIONS TO THE DECEMBER 9, 2013 REPORT and RECOMMENDATION

#### A.   Standard of Review

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  Objections must be timely to be considered.  A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations.  *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999).  "[A] party *must* file timely objections with the district court to avoid waiving appellate review."  *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id.* (internal quotation marks and citation omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509.  Without specific objections, "[t]he functions of the district court are effectively

duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*  "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### B.    Plaintiff's Objections

The Court agrees with the Magistrate Judge's general conclusion that Plaintiff has failed to come forward with any evidence sufficient to create a genuine issue of fact on any of Plaintiff's claims.  Lim engaged in no discovery in this case, took no depositions and offered little more in response to the Defendants' motion for summary judgment than he included in his prior pleadings. Lim repeatedly states that his pleadings speak for themselves and apparently believes that he has no further obligation to support his version of the facts other than to refer back to his own self-created documents and allegations.  Moreover, Lim refused a court order to attend the continuation of his own deposition and refused to submit to an independent medical exam to support his claims of emotional damages.  Fed. R. Civ. P. 56 requires much more than Lim has delivered.  In his Objections, as in his response to Defendants' motion for summary judgment, he continues to rely upon unsupported factual allegations and inadmissible evidence.

Lim's Objections continue the theme of his motion to disqualify.  He asserts in his Objections that Magistrate Judge Randon's Report is "inaccurate, abusive, highly biased, and erroneous." (Objs. 1.)  This type of general attack on the Report is of course not a proper objection under Fed. R. Civ. P. 72(b).  To the extent that the Court is able to discern an Objection that contains sufficient particularity, the Court addresses such Objections below.

8

1.      **"Court failed to identify Lim's employer."**  (Objs. 2.)

The Magistrate Judge concluded, based upon the offer of employment signed by Lim and relied upon by Lim as proof of his employment, that THI was Lim's employer.  Lim states in his Objections that the Magistrate Judge erred in finding that THI was his employer because "TCVS has a right to direct and control THI." (Objs. 2.)  In support of this conclusion, Lim refers the Court to what he states is the IRS common law test for determining worker status and then offers a host of unsupported conclusions about THI having been created by TCVS merely for "State tax benefit purposes."  (*Id*. at 2 n. 1-2.)  These unsupported allegations fail to establish any error in the Magistrate Judge's decision to rely upon Lim's signed offer of employment for purposes of defining his employer.  Plaintiff's Objection on this point is denied.

2.      **"Court erred in stating [that Proctor interviewed] Lim."**  (Objs. 2.)

Lim objects that the Magistrate Judge erred in stating that "Proctor interviewed Lim for a position in THI's Regulatory Affairs department." (Report 5.)  In support of this alleged error, Lim refers to the agenda for his interview day which included meetings with individuals other than Proctor, including David Munjal. (Objs. Ex. C.)  The Court finds no error in the Magistrate Judge's statement that Lim interviewed with Proctor, as Exhibit C demonstrates that he was in fact scheduled to interview with Proctor.  Nothing in the Magistrate Judge's statement indicates that Lim interviewed only with Proctor.  Plaintiff's Objection on this point is denied.

3.      **"Court failed to construe facts as Pinon requested a meeting."**  (Objs. 3.)

Lim apparently objects to the Magistrate Judge's summary of the emails exchanged between Lim, Tisack and Pinon on August 24, 2010. (ECF No. 113, Ex. G.)  The Court has reviewed the email exchange and finds no error in the Magistrate Judge's summary of the document, which

speaks for itself.  Plaintiff's objection on this point is denied.

    **4.**    **Lim objects to the Magistrate Judge's statement that "neither Lim nor Defendants provide the Court with a copy of Lim's summary of concerns."** (Objs. 4.)

Lim objects to Magistrate Judge Randon's statement in his Report that neither party had presented to the Court, in support of or in response to the Defendants' motion for summary judgment, a copy of Lim's "summary of concerns."  Lim states that this summary "has been docketed as stated *supra*."  (Objs. 4.)  The Magistrate Judge did not err in stating that neither party had provided the summary in support of or in response to the summary judgment motion - it was not submitted by Lim in support of his response.  In the course of his summary judgment response, Lim cited to numerous previous filings as generally supporting his claims without attaching them or describing with any particularity how they factually supported his general claims.  It was not incumbent on the Magistrate Judge to comb the record to unearth supporting documents or to attempt to divine from them support for Lim's claims.  It was Lim's burden to come forward and present to the Court evidence of evidentiary quality demonstrating a genuine issue of material fact worthy of submission to a jury.  Apparently, Lim did not deem it important to attach the "already docketed" summary in support of his response to Defendants' motion and the Magistrate Judge did not err in observing that neither party had provided the Court a copy of the summary in connection with the motion for summary judgment that was under consideration.  Plaintiff's objection on this point is denied.

**5.      Lim objects to the Magistrate Judge's statement that Lim requested to report above Proctor and directly to CEO Pinon and that Lim instructed Gao to disregard Proctor's instructions.** (Objs. 10.)

Lim does not deny these facts but objects because he believes he acted reasonably in doing so. Thus, the Magistrate Judge did not err in stating these facts. Plaintiff's objection on this point is denied.

**6.      Lim objects that the Magistrate Judge relied on "fabricated statements by the defendants" that they believed Lim was a disruptive employee who was not performing up to expectations.** (Objs. 12-13.)

Again, Lim disagrees with the Magistrate Judge's reliance on the affidavit testimony and evidence proffered by Defendants that Lim was disruptive and not performing to expectations. Yet Lim offers no contrary factual evidence, other than his own opinion that he was just doing his job and reporting what he perceived as serious safety violations to his supervisor's superiors. Lim continues to assert that Defendants "fabricated" their business justifications for terminating his employment but he offers no evidence of evidentiary quality to demonstrate the alleged fabrication. Lim states that his "evidence sufficiently shows that defendants' reasoning was patently false and a pretext for discrimination." (Objs. 14-15.) But just saying this does not make it so. The Magistrate Judge correctly concluded that "Lim's conviction in his beliefs, right or wrong, does not serve to discredit Defendants' proffered reasons for terminating Lim, which are well-documented." (Report 14.) The factual basis for Defendants' decision to terminate Plaintiff's at-will employment after a rocky six months, i.e. that he was disruptive and not performing up to expectations, are not disputed. He does not dispute that he went around his superior and asked to report directly to his superior's boss nor does he dispute that he instructed a co-worker to refuse to comply with her superior's orders. Regardless of Lim's professed belief that he was acting for the good of the

11

company, Defendants' have demonstrated an undisputed factual basis for their proffered business reason.  In fact, following Tisack's review, she recommended that "Mr. Lim must learn to work within a structured organization and must stop making false and inflammatory allegations of criminal and destructive behavior."  (ECF 103-5.)  Only after Lim responded to the results of her investigation with further accusations and demanding that she withdraw her report, in and of itself a further act of insubordination, was the decision finally made that same day to terminate his employment.[2]

>    **7.     Lim objects to the Magistrate Judge's finding that Lim failed to make a showing sufficient to create a genuine issue of material fact that he ever reported that he had been harassed, discriminated against or retaliated against because of his race, color or national origin.**  (Objs. 15.)

Lim closes his October 1, 2010 response to Tisack with the assertion that Tisack's response to his complaint was "unreasonable, grossly slanderous, discriminatory and retaliatory."  However, the only topics referenced in Lim's response, indeed the only topics ever mentioned in any

---

[2] Lim criticizes Magistrate Judge Randon repeatedly for failing to give weight to ECF No. 99-2, pp. 26-85, which appears to be an attachment to a brief filed in another legal action.  Pages 26-85 of that Exhibit appear to be the August 31, 2012 compilation of documents that Lim purportedly provided to Gael Tisack in support of his internal complaint about Proctor (Lim's "summary of concerns").  This document is nothing more than Lim's personal accusations against Proctor and his collection of an alleged "growing body of objective evidence of Keith's violations."  The summary includes a number of emails between Lim and Jon Schabert that Lim asserts establish Proctor's alleged incompetence but Lim never sought to depose Schabert or to secure his affidavit or to in any way support with Rule 56 evidence the accusations and innuendo set forth in this August 31, 2010 report to Gael Tisack.  Interestingly, Ms. Tisack did interview Mr. Schabert in connection with her investigation of Mr. Lim's allegations against Proctor before reaching the conclusions reported in her September 23, 2010 Confidential Report.  Lim cannot create a genuine issue of material fact based on unsupported factual allegations and innuendo that he suggests the trier of fact should draw because he says things are so. This is not a motion under Fed. R. Civ. P. 12(b)(6) where such allegations might suffice.  And while on summary judgment the non-moving party is entitled to all reasonable inferences to be drawn from the evidence when viewed in the light most favorable to him, he is not entitled to such inferences based on unsupported factual allegations.

document, relate to Lim's regulatory compliance and quality control issues.  There is absolutely no

evidence to suggest that the "discrimination and retaliation" was related to his race, color or national

origin.  Lim states in his Objections that based upon this conclusory statement, and the further

statement that he had suffered emotionally as a result of Tisack's response, "Tisack knew and should

have known/had reason to know Lim was filing an EEOC complaint."  (Objs. 16.)  In fact Lim did

not file his EEOC complaint until after he was terminated. There is simply no evidence in the record

to support his contention that Tisack would have had any basis to suspect that Lim was making a

reference to discrimination or retaliation based on his race, color or national origin, none of which

had ever been complained of, mentioned or even suggested prior to that date.

> **8.**    **Lim objects that the Magistrate Judge erred in finding that Lim failed to create a genuine issue of material fact that he reported or was about to report the alleged regulatory violations to an outside body sufficient to proceed with his claim under the Michigan Whistleblower Protection Act.**

Lim does not claim that he actually reported the alleged regulatory violations to any public

body but asserts that he offered "clear and convincing evidence showing his intent" to report.  (Objs.

18.)  In support he refers to (1) the allegations of his Complaint, (2) ECF No. 99-2 which the Court

has already discussed *supra* at note 2, (3) Exhibit D to his Objections which is identical to the

attachment to ECF No. 99-2, and (4) Exhibit M which is Lim's own Affidavit created after the

Magistrate Judge issued his Report.  None of these is sufficient evidence under Rule 56 to create a

genuine issue of material fact on the issue of Lim's intent to report.

For an about-to-report claim, Plaintiff bears the burden of showing "by clear and convincing

evidence" that he engaged in the protected activity. Mich. Comp. Laws § 15.363(4). *See also Shallal*

*v. Catholic Soc. Servs. of Wayne County*, 455 Mich. 604, 611 (1997)).  Plaintiff must show that (1)

he was about to report, either verbally or in writing, a violation of law to a public body, and (2) that

the person who fired him was objectively aware of the fact that he was about to report the suspected violation. *Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 629 (E.D. Mich. 2009). In interpreting the words "about to report," the Michigan Supreme Court has noted "that the language of the [WPA] intentionally reduces employee protection the more removed the employee is from reporting to a public body." *Shallal*, 455 Mich. at 613. The *Shallal* Court noted the legislative history of the WPA, which cautioned against the possibility of employees bringing "false claims of discrimination" based on the "about to report" language. *Id*. In *Cooney*, the court found evidence of an intent to report where prior to her termination plaintiff had stated to the employee charged with investigating her allegations that she was going to file a complaint with the Michigan Department of Civil Rights. 645 F. Supp. 2d at 628-29. In *Shallal*, the court found evidence of an intent to report where the employee had spoken to co-workers and expressed her intent to report and had made contemporaneous calendar entries documenting that she told other people of her intent to report. 455 Mich. at 614.

"The Michigan Supreme Court has recognized that the clear and convincing evidence standard is the most demanding standard applied in civil cases, and a standard that has been incorporated into Michigan statutory enactments." *Cooney*, 645 F. Supp. 2d at 629 (internal quotation marks and citation omitted). The Magistrate Judge correctly noted that Lim provided no such evidence here. There is no evidence that Lim ever mentioned to anyone, or made any note, of his intent to report any alleged violations. The fact that Lim had chronicled a litany of complaints against Proctor is not sufficient evidentiary support for his claim that he was about to report the alleged regulatory violations to some public body. Indeed, the evidence suggests that Lim was trying to go over Proctor's head to his supervisor to try to "do his job" and internally rectify all of

14

the alleged wrongs he had identified.  The October 1, 2010 response to Gael Tisack, also cited by

Lim as evidence of his intent to publicly report, expressly directs Tisack to share Lim's response

with executive members at Terumo Corporation in Japan.  It is well established that internal

reporting of a suspected violation of law is not protected activity under the WPA.  *Denney v. Dow*

*Chemical Co.*, No. 294278, 2011 WL 92964, at *5 (Mich. App. 2011) (holding that the WPA does

not apply to employees of private companies who report internally, even if the company has a duty

to report certain matters to the government).  The Magistrate Judge did not err in concluding that

Lim had failed to make out a *prima facie* case under the WPA.  Plaintiff's objection on this point

is denied.

> **9.**     **Lim objects that the Magistrate Judge relied on "defendants' false statements" and ignored "Lim's overwhelming, admissible evidence" in rejecting Lim's Michigan Public Policy claim. (Objs. 18-19.)**

In support of this objection, Lim states that "Lim's pleadings alone are sufficient."  (Objs.

18.)  He fails to point to the specific admissible evidence that establishes the falsity that the

Magistrate Judge failed to credit.  In any event, Lim states no objection to the Magistrate Judge's

well-reasoned legal conclusion that Lim is precluded from asserting a Michigan Public Policy claim

based on the same allegations as his WPA claim.  (Report 20-21.)  Plaintiff's objection on this point

is denied.

> **10.**    **Lim's objections to the Magistrate Judge's recommendations on his remaining state law claims lack sufficient specificity to merit *de novo* review.**

Only those objections that are specific are entitled to a *de novo* review under the statute.

*Mira*, 806 F.2d at 637).  "The parties have the duty to pinpoint those portions of the magistrate's

report that the district court must specially consider."  *Id*. (internal quotation marks and citation

omitted).  A general objection, or one that merely restates the arguments previously presented, does

not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.  *Howard*, 932 F.2d at 509).  Specific objections enable the Court to focus on the particular issues in contention and serve to avoid the needless duplication of effort expended when the objections merely ask the Court to perform the same task already performed by the Magistrate Judge.  *Howard*, 932 F.2d at 509. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature.  *Miller*, 50 F.3d at 380.

Lim's Objections to the Magistrate Judge's resolution of his remaining state law claims merely object to the correctness of the conclusions reached by the Magistrate Judge, without pinpointing specific errors, and resubmit the same evidence and argument already considered and rejected by the Magistrate Judge.  Lim states in broad generalities that the Magistrate Judge "failed to recognize admissible evidence," offering in support a blanket citation to ECF No. 99-2 and 99-5, over 80 pages of filings from another litigation matter in a different court.  Lim states that the Magistrate Judge relied on "defendants' inadmissible hearsay or facts made up," but fails to specify exactly which facts are false or to explain with any Rule 56 evidence why there is a genuine issue of fact as to the truth of any particular statements or facts.  Such objections are not entitled to *de novo* review and are denied.

## C.    Defendants' Objections

Magistrate Judge Randon recommended that the Court deny Defendants' motion for summary judgment on their counterclaim and dismiss those claims without prejudice.  Defendants do not object to this portion of the Report and Recommendation but object to the Magistrate Judge's

16

decision to deny as moot their motion for contempt and sanctions based upon Plaintiff's failure to appear for a court-ordered psychological exam and a court ordered continuation of his deposition. (ECF No. 94, Motion for Contempt.)  Magistrate Judge Randon ordered Plaintiff to appear for both a continuation of his deposition and a psychological exam and ordered Defendants to pay Lim's airfare and hotel accommodations to enable Lim to attend.  After much arranging, rearranging and efforts by Lim to avoid coming altogether, Lim gave two possible dates and Defendants proceeded to notice his deposition accordingly and finalize arrangements, including retaining a doctor to do the exam and paying her a $1,750 retainer fee.  Defendants also purchased direct airfare for Lim at a cost of more than $1,000 and booked him a room at a hotel near the site of the deposition.  (ECF No. 94, Exs. J, K, L.)  The day before the scheduled travel to attend the deposition and exam, Lim canceled and refused to appear stating that he had a headache that was too severe too permit him to travel.  (*Id*. Ex. M.)

On May 30, 2013, Magistrate Judge Randon had ordered Lim to appear for the continuation of his deposition and physical examination on a date of his choosing within a set two week period. (ECF No. 86, Order Granting Defendants' Motion to Compel.)   The time frame in the order was significant given the then approaching June 27, 2013 dispositive motion deadline.  Lim failed to appear and failed to comply with the Court's order.  Lim's abusive litigation tactics and disrespect for court orders in this action have been chronicled by the Court time and again and examples will not be reiterated here.  As one example, Lim still has failed to comply with this Court's December 31, 2013 Order directing him to pay certain of Defendants' fees and costs.  (ECF No. 127.)  Lim has demonstrated a profound lack of respect for the Orders of this Court and for the Federal Rules of Civil Procedure and Local Rules of this Court, as set forth in numerous prior Orders of this Court.

The Court has been beyond patient with Lim and the Defendants have paid the price. The Court therefore sustains Defendants' objection to the Magistrate Judge's finding that their motion for contempt and sanctions is moot.

Under the authority of Fed. R. Civ. P. 37(b) and 37(d), the Court finds that sanctions are appropriate in this case for Lim's failure to comply with the Court's May 30, 2013 Order that he appear for the continuation of his deposition and for his physical examination. The Court will award Defendants $1,750 as a sanction, an amount known to the Court to have been incurred by Defendants, in paying the doctor's fee, as a direct result of Plaintiff's failure to comply with the Court's Order.

### D.    Defendants' Motion for Contempt (ECF No. 133)

On January 17, 2014, Defendants filed a Motion for Contempt and for Sanctions pursuant to 18 U.S.C. § 401 based upon Lim's failure to comply with this Court's December 31, 2013 Order that Lim pay certain of Defendants' attorneys' fees and costs. (ECF No. 133, Motion for Contempt; ECF No. 127, Order to Plaintiff to pay certain costs.) In its December 31, 2013 Order, the Court ordered Lim to pay in full Defendants' costs incurred in reviewing Lim's voluminous and nonconforming first set of objections to Magistrate Judge Randon's December 9, 2013 Report in addition to the costs incurred in having to file yet another motion and brief to strike. The Court ordered Defendants to submit a bill costs and ordered Plaintiff to remit payment to Defendants within two weeks of receiving the bill of costs. (ECF No. 127, Order 3.) On January 2, 2014, Defendants submitted to Lim a bill of costs outlining $1,363.50 in attorney fees for preparation of the motion and $218.40 in costs. Lim failed to submit the requested sum within two weeks, necessitating Defendants' filing of the motion for contempt.

18

In what has become his obstructionist approach to this litigation, rather than simply responding to the contempt motion, Lim filed yet *another* senseless motion to strike. (ECF No. 134, *Ex Parte* Motion to Strike.) Lim claims that Defense counsel's bill of costs was "fabricated" and Lim states that he could have prepared the relevant papers in 30 minutes. (ECF No. 134 at 5-6.) The Court has reviewed Defense counsel's bill of costs and finds the costs reasonable for the work performed.

The Court therefore GRANTS IN PART Defendants' motion for contempt (ECF No. 133) and ORDERS Plaintiff to pay the amounts set forth in Defense counsel's previously submitted Bill of Costs (ECF No. 133-2) within two weeks of the filing of this Order. The Court further ORDERS Plaintiff to pay to Defendants within two weeks of the date of this Order an additional $200 as a minimal sanction for Defendants' fees and costs incurred in having to prepare and file the motion for contempt.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1)   **DENIES** Plaintiff's Motion for Disqualification (ECF No. 138);

(2)   **DENIES** Plaintiff's Objections to Magistrate Judge Randon's Report and Recommendation (ECF No. 128, Plaintiff's Amended Objection);

(3)   **DENIES IN PART AND SUSTAINS IN PART** Defendants' Objections to Magistrate Judge Randon's Report and Recommendation (ECF No. 120, Defendants' Objection to the Magistrate's Report and Recommendation to Deny as Moot Defendants' Motion for Contempt and for Sanctions);

(4)   **ADOPTS IN PART AND REJECTS IN PART** Magistrate Judge Randon's December 9, 2013 Report and Recommendation (ECF No. 119);

(5)   **DENIES** Plaintiff's Motion to Dismiss Defendants' Counter-Claims or, in the Alternative for Summary Judgment (ECF No. 102);

19

(6)     **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment (ECF No. 103) (GRANTED as to Plaintiff's Claims DENIED WITHOUT PREJUDICE as to Defendants' Counterclaims);

(7)     **GRANTS IN PART** Defendants' Motion for Entry of an Order of Contempt and for Sanctions (ECF No. 94) (Awarding Defendants sanctions in the amount of $1,750, to be paid by Plaintiff within two weeks of the date of this Order);

(8)     **DENIES** Defendants' Ex-Parte Motion to Strike Plaintiff's Amended Objection (ECF No. 129);

(9)     **DENIES** Plaintiff's Motion for Relief from Court's Orders or in the Alternative, Motion for Reconsideration of Dkt. Nos. 75, 76, 87, 92, 118, 127; (ECF No. 131);[3]

(10)    **GRANTS IN PART** Defendants' Motion for Contempt and Sanctions; (ECF No. 133) (Ordering Lim to pay $1,363.50, plus $218.40 and an additional $200 sanction, to be paid by Plaintiff in full within two weeks of the date of this Order);

(11)    **DENIES** Plaintiff's *Ex-Parte* Motion to Strike (ECF No. 134) and Plaintiff's *Ex-Parte* Motion to Strike (ECF No. 142);[4]

(12)    **DISMISSES** Plaintiff's Complaint WITH PREJUDICE; and

(13)    **DISMISSES** Defendants' Counterclaim WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2014

---

[3] The Court treats this motion as an untimely objection to the Orders of the Magistrate Judge (ECF Nos. 75, 92) and as an untimely motion for reconsideration under E.D. Mich. L.R. 7.1(h) as to the following challenged Orders: ECF Nos. 76, 87, and 118. As to ECF No. 127, the Court's December 31, 2013 Opinion and Order, the Court finds that the motion fails to present a "palpable defect" and merely presents "the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). *See also* E.D. Mich. L.R. 7.1(h)(3). Accordingly, the motion is DENIED.

[4] Lim's practice of filing a motion to strike every timely and proper response filed by the Defendants is abusive and offensive.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 9, 2014.

s/Deborah Tofil
Case Manager