UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANG LIM,

      Plaintiff,

v.

TERUMO CORPORATION,
et al.,
      Defendants.
_____/

Case No. 11-cv-12983

Paul D. Borman
United States District Judge

Michael H. Hluchaniuk
United States Magistrate Judge

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION FOR A STAY PENDING APPEAL (ECF NO. 151)

On April 24, 2014, Plaintiff filed an Amended Motion for Stay Pending Appeal. (ECF No. 151.) Defendants filed a Response (ECF No. 153) and Plaintiff filed a Reply (ECF No. 161). Plaintiff requested a "telephonic hearing" but the Court finds that a hearing would not assist the Court in resolving the motion. *See* E.D. Mich. L.R. 7.1(f)(2).

Plaintiff seeks a stay of this Court's award of costs, fees and sanctions in favor of Defendants and against Plaintiff in the total amount of $3,531.90, as set forth in detail in the Court's April 9, 2014 Opinion and Order and in the Court's Amended Judgment Nunc Pro Tunc issued this day. Plaintiff's one page motion for a stay pending appeal asserts that the Court's "Order and Judgment are unjustified" and will "cause substantial hardship to Plaintiff." (Mot. 2.) These conclusory statements are unsupported by any further factual

averments or evidence in support of the Motion. In his Reply, Plaintiff reargues the underlying merits of the monetary award and accuses this Court of issuing its Opinion and Order granting dismissal of his claims in retaliation for Plaintiff's previously filed motion for disqualification of former Magistrate Judge Randon and of the undersigned. (ECF No. 161 at 4-5.) Plaintiff concludes his Reply with the same unsupported statement offered in his Motion that "the Court's Order and Judgment are unjustified and cause substantial hardship to the Appellant." *Id*. at 5.

Defendants respond that Plaintiff's Motion fails to address the four factor test applied in *Grutter v. Bollinger*, 247 F.3d 631 (6th Cir. 2001) that Defendants suggest the Court should consider when ruling on Plaintiff's motion to stay pending appeal, i.e. (1) whether the movant has made a strong showing of likelihood of success on the merits, (2) whether the movant will suffer irreparable harm absent a stay, (3) whether the issuance of a stay will injure other parties, and (4) the public interest in issuance or denial of a stay. However, *Grutter* considered a requested stay of injunctive relief, not a stay of a monetary judgment. This Court did not award injunctive relief in this case. Even were the four factor test applicable here, Plaintiff's motion does not even endeavor to demonstrate a strong showing of likelihood of success on the merits or irreparable harm, and the Court would find neither factor satisfied here.

In any event, where, as here, the judgment sought to be stayed is monetary, the analysis must begin with a discussion of Fed. R. Civ. P. 62(d), which grants Plaintiff an automatic stay of any monetary judgment upon the posting of a sufficient supersedeas bond.

Fed. R. Civ. P. 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citation omitted). The rule provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). "Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-monetary judgment." *Titan Tire Corp. of Bryan v. United Steel Workers of America, local 890L*, No. 09-4460, 2010 WL 815557, at *1 (6th Cir. March 10, 2010) (quotation marks and citation omitted). Where a "district court's judgment binds [an appellant] to pay a specific sum of money . . . Rule 62(d) applies." *Id*. Rule 62(d) thus entitles an appellant to a stay of a monetary judgment as a matter of right but "contingent upon the posting of a court approved supersedeas bond." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). Rule 62(d) serves a "dual role:"

> The framework of Rule 62(d) represents a balancing of both parties' interests, in that it preserves the status quo while also protecting the appellee's rights. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir.1979). Rule 62(d) permits an appellant to obtain a stay "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove*, 600 F.2d at 1191. However, to preserve this right, the appellant must forego the use of the bond money during the appeal period.
>
> For the appellee, Rule 62(d) effectively deprives him of his right to enforce a

3

> valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. The supersedeas bond protects the non-appealing party "from the risk of a later uncollectible judgment" and also "provides compensation for those injuries which can be said to be the natural and proximate result of the stay." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir.1988), *Moore v. Townsend*, 577 F.2d 424, 427 (7th Cir.1978) (*citing Weiner v. 222 East Chestnut St. Corp.*, 303 F.2d 630, 634 (7th Cir.1962)). Therefore, Rule 62(d) establishes not only the appellant's right to a stay, but also the appellees right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir.1979).

181 F.R.D. at 351. "The courts generally require that the amount of the bond include the full amount owed under the award, and anticipated appeal costs, post-judgment interest, and damages for delay caused by the appeal." *EB-Bran Prods., Inc. v. Warner Elektra Atlantic, Inc.*, No. 03-75149, 2006 WL 1851010, at *3 (E.D. Mich. July 5, 2006) (citation omitted).

If an appellant argues that a stay should be issued and the bond requirement waived, the appellant must demonstrate that "extraordinary circumstances" justify deviating from the bond requirement. *Hamlin*, 181 F.R.D. at 353. "Extraordinary circumstances" include a showing by the appellant that his "ability to pay the judgment is so plain that the cost of the bond would be a waste of money," or that the bond requirement "would put [appellant's] other creditors in undue jeopardy." *Id.* (quotation marks and citation omitted). The "extraordinary circumstance" showing is distinct from the four factor balancing test applied in *Grutter*, which is "uninformative in answering the question of whether a bond should be required where the Rules provide for a stay as of right . . . ." *Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL 3908616, at *2 (E.D. Mich. Oct. 1, 2010). Plaintiff has made no

4

showing of extraordinary circumstances that would justify waiver of the bond requirement in this case.

Accordingly, Plaintiff's motion for a stay of the monetary judgment against Plaintiff is GRANTED, conditioned upon the Court's approval of the posting of a supersedeas bond for the full amount of the judgment of $3,531.90, plus anticipated post-judgment interest and appeal costs. Plaintiff's motion for a stay is DENIED in all other respects. Any stay will be effective only upon this Court's approval of a full and adequate supersedeas bond.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 19, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2014.

s/Deborah Tofil
Case Manager